# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LANCE Q. ELLIS EALY, *et al.*, | : | |
| | | Case No. 3:15cv00169 |
| Plaintiffs, | : | |
| | | District Judge Thomas M. Rose |
| vs. | : | Chief Magistrate Judge Sharon L. Ovington |
| | | |
| JUDGE SUSAN DLOTT, *et al.*, | : | |
| | | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

On April 24, 2015, Plaintiffs Lance Q. Ellis Ealy, Larry E. Ealy, and SCLG, LLC filed this civil rights case in the Indianapolis Division of the United States District Court for the Southern District of Indiana.[2]  (Doc. #1).  They appear to seek leave to proceed *in forma pauperis*, although the application and affidavit in support were only signed by "Larry Ealy LLC."  (Doc. #2, *PageID#* 19).

After reviewing Plaintiffs' amended complaint, the district court in Indiana ordered the case transferred to this Court pursuant to 28 U.S.C. § 1404.  (Doc. #5).  The district court concluded that venue did not appear proper in its district because the alleged actions set forth in Plaintiffs' amended complaint occurred almost exclusively in Dayton and

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

[2] Plaintiffs submitted an amended complaint on May 4, 2015.  (Doc. #4).

defendants are not located in Indiana. (*Id.*, *PageID#* 173). The case was transferred in on May 8, 2015, and is presently before the Court upon Plaintiffs' still-pending motion for leave to proceed *in forma pauperis* (Doc. #2), and the record as a whole.

Plaintiff Larry E. Ealy's pauper privileges have been, and remain, revoked by this Court. *State of Ohio v. Ealy*, No. 09-cv-245, 2009 U.S. Dist. LEXIS 41240 (S.D. Ohio Apr. 24, 2009). Mr. Ealy may only file a new complaint, removal petition, habeas corpus petition, and/or other action in the Southern District of Ohio upon attaching to his complaint a copy of the Order issued on April 24, 2009 in *State of Ohio v. Ealy*, the accompanying judgment, proof of paying the entire filing fee, and a motion for leave to file a new complaint, removal petition, habeas corpus petition, and/or other action in the Southern District of Ohio. *Id.* Accordingly, his motion for leave to proceed *in forma pauperis* should be denied and his case dismissed without prejudice to refiling upon compliance with the terms of the Court's injunction discussed *supra*. *Id.*

Plaintiffs Lance Q. Ellis Ealy and SCLG, LLC should also be denied leave to proceed *in forma pauperis*. Plaintiff Lance Q. Ellis Ealy did not sign the complaint, amended complaint, or application to proceed *in forma pauperis*.[3] Plaintiff SCLG, LLC is unable to proceed *in forma pauperis* as "only a natural person may qualify for treatment *in forma pauperis* under § 1915." *Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993).

---

[3] Due to his incarceration, Plaintiff Lance Q. Ellis Ealy was required to complete a prisoner application and file a certified trust account statement. 28 U.S.C. § 1915A.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiffs' motion for leave to proceed *in forma pauperis* (Doc. #2) be DENIED;

2. Plaintiffs' Complaint (Doc. #1) and Amended Complaint (Doc. #4) be DISMISSED without prejudice; and,

3. The case be terminated on the docket of this Court.

May 13, 2015

                                            s/Sharon L. Ovington
                                                Sharon L. Ovington
                                   Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).